IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JON R. ORLANDO, | § | |
| (TDCJ No. 1485532) | § | |
| v. | § | CIVIL ACTION NO. 4:14-CV-951-O |
| | § | |
| DWAYNE SAKAGUCHI, et al. | § | |

**OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate and plaintiff Jon R. Orlando's case under the screening provisions of 28 U.S.C. § 1915(e)(2)(B). Orlando, an inmate at the Texas Department of Criminal Justice's Lewis Unit, filed a civil-rights complaint seeking relief under 42 U.S.C. § 1983.[1] Orlando names as defendants the Target Corporation, and its employees Dwayne Sakaguchi and Keith Fields. Supplemental Complaint, ECF No. 7, at 1.[2] Orlando claims that on June 6, 2007 he was assaulted and injured by Target employees Sakaguchi and Fields when they forcibly grabbed him and forced him to the ground at a Target store on Eastchase Parkway in Fort Worth, Texas. ECF No. 7, at 4. Orlando claims he was assaulted by these employees when they put their hands on him "stating that he had stolen some merchandise." Compl. ECF 1, at 2. Orlando contends they falsely imprisoned him and wrongly sent him to prison because of their mistakes. ECF No.1, at 2. Orlando acknowledges in the complaint that he was charged in the 372nd District Court of Tarrant County, Texas, and "tried to solve the problems [by] presenting the facts relating to this complaint." ECF No.1, at 3. He reports that he was "disbelieved and sentenced to 20 years imprisonment, and knowingly [files] this complaint to show injuries and constitutional violations."

---

[1] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

[2] Plaintiff initially filed a handwritten complaint, but then filed a civil complaint form. That document will be considered as a supplemental complaint, and the Clerk of Court is directed to note this on the docket.

ECF No. 1, at 3. He alleges that the defendants assaulted him, causing physical injury, and violated his due process and Eighth Amendment rights. ECF No. 1, at 3. He seeks a declaration that the defendants violated his "rights under the Constitution and laws of the United States," and monetary damages of $250,000 from each defendant. ECF No. 1, at 4; ECF No. 7, at 4.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed. *See* 28 U.S.C.A. § 1915(e)(2) (West 2006); *see Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B) (West 2006) (emphasis added). A district court is not required to await a responsive pleading to conduct its § 1915 inquiry. *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995). Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory." *Id.* (citing *Neitzke*, 490 U.S. at 327.) After review of the complaint and supplemental complaint under these standards, the Court concludes that the claims must be dismissed under the authority of 28 U.S.C. §§ 1915(e)(2)(B) (i) and (ii).

After review and screening of the complaint and supplemental complaint, all of Orlando's claims must be dismissed as barred by the applicable statute of limitations. The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit. *See Wilson v. Garcia*, 471 U.S. 261, 273-76 (1985) (holding that state statute of limitations period for personal-injury actions applies to all claims under 42 U.S.C. § 1983). In Texas,

the applicable limitations period is two years. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* Tex. Civ. Prac. & Rem. Code 16.003(a)(West Supp. 2014) (Texas's two-year, personal-injury limitations statute). A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore*, 30 F.3d at 620 (citing *Gartrell V. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993)).

Accrual of a claim under § 1983 is determined by federal law, under which a claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action. *See Harris,* 198 F.3d at 157 (citing *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992) and *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). The original complaint in this action was filed on November 24, 2014, but as Plaintiff executed that document on November 16, 2014, that is the earliest date it is deemed filed. *See Cooper v. Brookshire,* 70 F.3d 377, 379 (5th Cir. 1995) (extending the mailbox rule to deem a pro se prisoner litigant's § 1983 complaint as filed as soon as the pleadings are deposited into the prison mail system).

Upon review of the allegations in the pleadings, the Court sees no basis to believe that plaintiff Orlando did not know or have reason to know of the events giving rise to his claims in June 2007, immediately after they occurred and he was charged with a criminal offense arising therefrom. Plaintiff does not report his crime, but a review of the Texas Department of Criminal Justice's on-line Offender Information system reveals that Jon Richard Orlando was convicted in Tarrant County, on January 31, 2008, for a robbery with bodily injury arising from an offense date of June 6, 2007. *See* www.http://offender.tdcj.state.tx.us/OffenderSearch, last visited March 20, 2015. As this suit

was filed in November 2014, Orlando's claims are filed several years too late. The applicable two-year statute of limitations already had expired long before the time Orlando filed suit.[3]

In his pleadings, Plaintiff sets forth two reasons he believes he is entitled to tolling of the statute of limitations. First, he argues that the limitations provision should be tolled because he is incarcerated, relying upon a Supreme Court decision in *Hardin v. Straub,* 490 U.S. 536 (1989) that held that the limitations period for a § 1983 suit arising in Michigan was to be determined by the state statute of limitations and coordinate tolling rules in Michigan, including tolling for prisoners while incarcerated. *See Hardin,* 490 U.S. at 537-543 (citing *Board of Regents, University of New York v. Tamanio,* 446 U.S. 478 (1980)); *see* ECF No. 1, at 4 (Plaintiff's reference to a "Michigan open-ended tolling provision".) But Plaintiff's arguments do not apply to his claims arising in Texas, because Texas's statute of limitations for personal injury suits does not include tolling for time in prison. *See Gonzalez v. Wyatt,* 157 F.3d 1016, 1020 (5th Cir. 1998) (rejecting prisoner appellant's argument that the statute of limitations was tolled due to his imprisonment as "that is a matter controlled by Texas law, and under Texas law imprisonment does not toll limitations") (citing *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990), *Burrell,* 883 F.2d at 418 and Tex. Civ. Prac. And Rem. Code § 16.001); *see generally* Pete v. Metcalf, 8 F.3d 214, 217 (5th Cir. 1993) ("Prior to September 1, 1987, Texas law recognized imprisonment as a disability that would toll an otherwise applicable limitations period . . . [h]owever, section 16.001 was amended in 1987 to omit imprisonment as a disability that would toll a limitations period") (citing Tex. Civ. Prac. & Rem. Code Ann § 16.001

---

[3]To the extent Plaintiff also asserts in this case a tort claim under Texas law for assault, the same two-year statue of limitations applies to claims under Texas law for assault and battery. *See Parker v. Missouri City, Texas*, No. H-12-2484, 2014 WL 7004061, at *14 (S.D. Tex. Dec. 10, 2014) (citing *Alvarado v. Shipley Donut Flour & Supply Co.* 526 F. Supp. 2d 746, 766 n. 49) (S.D. Tex. 2007) and Tex Civ Prac & Rem. Code § 16.003).

(1985 and 1987 versions)).[4] As there is no statutory tolling of the Texas limitations provision for a term of imprisonment, Plaintiff's claim to such tolling is inapplicable.

Plaintiff also contends that he suffers from "psychological depression [which] rendered [him] unable to comprehend his legal rights to tolling of [the] statute of limitations at the time of the appeals process." ECF No. 1, at 4. As a matter of state law, the person claiming a legal disability must establish that he was under a disability at the time his cause of action accrued. *Nelson v. Reddy*, 898 F. Supp. 409, 410 (N.D. Tex. 1995) (citations omitted). In reviewing whether plaintiff Orlando has stated such a claim, this Court finds instructive the analysis of another decision arising from this district:

> Under § 16.001, the Texas limitations period for personal injuries is tolled when the claimant is under a "legal disability"—a concept that includes being of "unsound mind." Id. § 16.001(a)(2). Although the Texas Civil Practice and Remedies Code does not define "unsound mind", the Texas courts have relied on Tex. Prob. Code Ann. § 3(y) which defined persons of unsound mind as "persons non compos mentis, mentally disabled persons, insane persons, and other persons who are mentally incompetent to care for themselves or manage their property and financial affairs." *See, e.g., Jones v. Miller*, 964 S.W.2d 159, 164 (Tex. App.—Houston [14 Dist.] 1998, no pet.) (citing Tex. Prob. Code Ann. § 3(y) (Vernon 1980) (repealed by Act of May 27, 1995, 74th Leg., R.S., ch. 1039, § 73, 1995 Tex. Gen. Laws 5145, 5170)); *Hargraves v. Armco Foods, Inc.,* 894 S.W.2d 546, 548 (Tex. App.—Austin 1995, no writ) (same); *accord, Nelson v. Reddy*, 898 F. Supp. 409, 411 (N.D. Tex.1995) (same). Texas courts toll the limitations period for persons of unsound mind to protect persons without access to the courts and to protect persons who are unable "to participate in, control, or even understand the progression and disposition of their lawsuit." *See Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755 (Tex.1993); *accord, Hargraves*, 894 S.W.2d at 548. Being of unsound mind is generally the same as being insane. *See Hargraves*, 894 S.W.2d at 548. Although the phrase "unsound mind" refers to a legal disability, it is not limited to persons who are adjudicated incompetent. *Casu v. CBI Na–Con, Inc.*, 881 S.W.2d

---

[4]The current version of § 16.001 provides:
(a) For the purposes of this subchapter, a person is under a legal disability if the person is (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind. (b) If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period. Tex. Civ. Prac. & Rem. Code Ann. §§ 16.001(a) and (b) (West 2002).

> 32, 34 (Tex. App.—Houston [14th Dist.] 1994, no writ).
>
> To prevail on an unsound mind tolling theory, a plaintiff must "produce either (1) specific evidence that would enable the court to find that he 'did not have the mental capacity to pursue litigation' or (2) a fact-based expert opinion to that effect." *Freeman v. American Motorists Ins. Co.*, 53 S.W.3d 710, 713 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Grace v. Colorito*, 4 S.W.3d 765, 769 (Tex. App. -Austin 1999, pet. denied) and citing *Porter v. Charter Med. Corp.*, 957 F. Supp. 1427, 1438 (N.D. Tex.1997)). He must show that his mental illness "rendered him unable to manage his affairs or comprehend his legal rights." *See Helton v. Clements*, 832 F.2d 332, 336 (5th Cir.1987) (applying Texas law). Under Texas law, "a person claiming to have been under a legal disability must establish that he was under a disability at the time his cause of action accrued." Nelson, 898 F. Supp. at 410.

*Althouse v. City of Dallas Police Department*, No.3:02-CV-193-P, 2003 WL 22227873 at *3-4 (N. D. Tex. Sept. 25, 2003), *rep. and rec. adopted,* (N.D. Tex. October 10, 2003).

In this instance, Plaintiff has set forth no facts that he was under the care of any medical professional for mental health issues, nor has he alleged that he could provide evidentiary support to show that any mental heath condition in any way rendered him unable to manage his affairs to pursue a lawsuit arising from the 2007 events at the Target store. When considering allegations of "unsound mind" under Tex Civ. Prac. & Rem. Code Ann. § 16.001, this Court may deem such allegations to be frivolous under the screening provisions of § 1915. *See Nelson,* 898 F. Supp. at 410-11. Plaintiff's brief statement that he suffered from psychological depression that rendered him unable to understand his legal rights is not sufficient to support a finding that he was suffering from a "legal disability." *See generally Helton v. Clements,* 832 F.2d 332, 336 (5th Cir. 1987) ("[t]he facts alleged by Helton do not show that his psychological depression rendered him unable to manage his affairs or comprehend his legal rights"); *Nelson*, 898 F. Supp. at 411 ("the court notes that Nelson's claim of mental incompetency is essentially conclusory and without foundation. He had presented no evidence of a judicial determination of incompetence nor has he presented any professional's

diagnosis that he was mentally incompetent at any time"). Consequently, plaintiff Orlando's reliance upon a claim of psychological depression does not suffice to toll the limitations period under §§ 16.001(a) and (b).

Thus, as plaintiff Orlando is not entitled to tolling of the applicable limitations period, and as this suit was filed several years after the limitations provision expired, all claims in this civil suit must be dismissed.

*Order*

It is therefore **ORDERED** that all claims in this case are **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **23rd day** of **March, 2015.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**